United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30278
Summary Calendar

_____

ROGERS J. MATTHEWS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1919
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rogers J. Matthews appeals the denial of his application for Social Security disability benefits alleging that he was disabled because of chronic gout in his right hip and knee. Matthews argues that the ALJ erred in determining that he retained a residual functional capacity ("RFC") to do light work. He also argues that a vocational expert's ("VE") report relied on by the ALJ in making that determination was deficient.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The objective medical evidence in the administrative record shows that Matthews did suffer pain as a result of his gout condition but that he sought treatment only sporadically. There were long periods of time where Matthews sought no treatment at all. His condition was being successfully treated through medication and his occasional flare-ups responded well to injections of anti-inflammatory and pain-relieving drugs. No treating physician ever indicated that Matthews could not work or that he was disabled. The Commissioner's determination that Matthews retained an RFC for light work is supported by substantial evidence in the record as a whole. See Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995).

Finally, Matthews did not challenge the VE's report at the administrative hearing level. Thus, we decline to reverse the Commissioner's decision on the basis of any alleged deficiencies in the VE's report. See Carey v. Apfel, 230 F.3d 131, 146-47 (5th Cir. 2000). We will not consider Matthews' argument, raised for the first time in his reply brief, that Carey is inapposite to this case. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.